UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. |
| v. ) | |
| ) | JUDGE |
| ) | |
| EBONY WOOD IN VARIOUS FORMS, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Jerry E. Martin, United States Attorney for the Middle District of Tennessee, and Debra Teufel Phillips, Assistant United States Attorney for said district, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action the United States of America seeks forfeiture of the following (the * reflects an unreadable number): Six (6) guitars bearing Serial Numbers 030790441, 031590512, 03069030*, 030290647, 029590524, and DF 2396, partially made of ebony wood; and, ebony wood in various forms as set forth in Attachment 1 to this Verified Complaint at items 1-6 and 8 (hereinafter collectively referred to as "Defendant Property") pursuant to the Lacey Act Amendments of 1981 ("Lacey Act") 16 U.S.C. § 3374(a)(1), which authorizes forfeiture of all plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of

16 U.S.C. § 3372, or any regulation issued pursuant thereto in violation of 16 U.S.C. § 3372(a)(2)(B)(i) and(iii).

2. The United States of America also seeks forfeiture of the Defendant Property pursuant to 18 U.S.C. § 545 which authorizes forfeiture of merchandise imported or brought into the United States, contrary to law, or, merchandise received, concealed, bought, sold, or which has been transported, concealed or sold after importation, knowing the same to have been imported or brought into the United States contrary to law.

## THE DEFENDANT *IN REM*

3. The Defendant Property was seized on November 17, 2009, from Gibson Guitar, located at 641 Massman Drive, Nashville, Tennessee during the execution of federal search warrants in the Middle District of Tennessee Case No. 09-2133MK and Case No. 09-2133MK.

4. The Defendant Property is presently in the custody of the Department of the Interior Fish and Wildlife Service.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over this action pursuant to 16 U.S.C. § 3375(c) and 28 U.S.C. § 1345, and over this action for forfeiture under 16 U.S.C. § 3374 and 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will then execute the warrant upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Pursuant to 16 U.S.C. § 3375(c), venue provisions of Title 18 and Title 28 shall apply to any actions arising under this chapter. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

9. The Defendant Property is subject to forfeiture pursuant to 16 U.S.C. § 3374 because it constitutes property imported, exported, transported, sold, received, acquired, or purchased in violation of 16 U.S.C. § 3372(a)(2)(B)(I) (plants taken, possessed, transported, or sold in violation of any law or regulation of any State, or any foreign law) and § 3372(a)(2)(B)(iii) (plants taken, possessed, transported, or sold in violation of any limitation under any law or regulation of any State, or under any foreign law, governing the export or transshipment of plants).

10. The Defendant Property is also subject to forfeiture pursuant to 18 U.S.C. § 545, because it constitutes merchandise imported or brought into the United States, contrary to law, or, merchandise received, concealed, bought, sold, or which has been transported, concealed or sold after importation, knowing the same to have been imported or brought into the United States contrary to law.

11. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the Defendant Property vests in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

12. The facts and circumstances supporting the forfeiture of the Defendant Property are contained in the Affidavit of Kevin L. Seiler, a copy of which is attached hereto as Exhibit 1 and incorporated as though fully set forth herein.

## CLAIM FOR RELIEF

13. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 12 above.

14. The Defendant Property constitutes property imported, exported, transported, sold, received, acquired, or purchased in violation of 16 U.S.C. § 3372(a)(2)(B)(i)(plants taken, possessed, transported, or sold in violation of any law or regulation of any State, or any foreign law) and § 3372(a)(2)(B)(iii) (plants taken, possessed, transported, or sold in violation of any limitation under any law or regulation of any State, or under any foreign law, governing the export or transshipment of plants).

15. The Defendant Property also constitutes merchandise imported or brought into the United States, contrary to law, or, merchandise received, concealed, bought, sold, or which has been transported, concealed or sold after importation, knowing the same to have been imported or brought into the United States contrary to law in violation of 18 U.S.C. § 545.

4

16. As a result of the foregoing, the Defendant Property is liable to forfeiture and forfeitable to the United States in accordance respectively with 16 U.S.C. § 3374 and 18 U.S.C. § 545.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America Prays that the Clerk issue a Warrant for Arrest *In Rem* for the Defendant Property and that the Defendant Property be condemned and forfeited to the United States of America in accordance with the provisions of law; that notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property; and that the plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

_____
JERRY E. MARTIN (BPR 20193)
United States Attorney for the
Middle District of Tennessee

_____
DEBRA TEUFEL PHILLIPS (BPR 011706)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151
Attorneys for the United States of America

## **VERIFICATION**

I, Kevin L. Seiler, United States Fish and Wildlife Service Special Agent hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case as a Special Agent with the United States Fish and Wildlife Service.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 7TH day of August 2010, at Nashville, Tennessee.

_____
Kevin L. Seiler, Special Agent