# AFFIDAVIT OF KEVIN L. SEILER

I, Kevin L. Seiler, being first duly sworn, depose and state as follows:

1. I am a Special Agent of the United States Fish and Wildlife Service (FWS), Office of Law Enforcement, within the meaning of 16 U.S.C.§ 3375.

2. I am familiar, based on my training and experience, with the laws and regulations primarily enforced by the FWS, such as the Lacey Act, 16 U.S.C. § 3371, *et seq.*, and the Endangered Species Act (ESA), 16 U.S.C. § 1531, *et seq.* I am also familiar with additional laws and regulations that may be applied in cases involving illegal trade in wildlife and plants, including the prohibitions against importation of merchandise contrary to law,18 U.S.C. § 545.

3. The information set forth herein is based on my personal knowledge, a review of evidence obtained during the course of the investigation, information provided to me by other law enforcement agents and civilians, and my review of relevant documents including but not limited to invoices relating to the purchase and sale of Madagascar ebony, Gibson Guitar Corporation and Hunter Trading Corp emails, documentary and electronic records, government and business records including but not limited to documentation found on the Gibson premises regarding the illegality of Madagascar ebony. The information set forth herein does not encompass all the information to which I am privy, but only that information necessary to support a finding that there is a preponderance of the evidence that the items in question were imported in violation of the Lacey Act and in violation of 18 U.S.C. § 545 and are thus subject to forfeiture.

4. Attached hereto are copies of search warrants and the supporting affidavit in the United States District Court for the Middle District of Tennessee Case No. 09-2134MK and Case No. 09-2133MK (Attachment 1).

## Items Sought for Forfeiture

5. I present this affidavit in support of the Verified Complaint *In Rem* seeking forfeiture of the following items:

    a. Six (6) guitars partially made of ebony wood serial numbers 030790441, 031590512, 03069030*[1], 030290647, 029590524, and DF2396; and

    b. Ebony wood in various forms as set forth in Attachment 1 to the Verified Complaint as items 1-6, and 8.

(hereinafter collectively referred to as "Defendant Property"). Attachment 2 is incorporated by reference herein and made a part of this Affidavit.

## Summary of Basis for Forfeiture

6. Gene Nix, Wood Product Specialist with Gibson Guitar Corporation ("Gibson"), admitted receiving, in 2008, information relating to the Madagascar law on the illegality of the exportation and importation of harvested ebony wood and that he was aware of the prohibition on its export. Despite this information, in 2009, contraband ebony wood contained in the Defendant Property was exported from Madagascar via Germany to Gibson in the United States: more specifically, Madagascar ebony was in the possession of, or en route to, the business of Gibson or to Red Arrow Delivery Service (where Gibson stored the ebony wood) in Nashville, Tennessee pursuant to an order placed by Gibson via Nagel GMBH and Co KG of Hamburg, Germany ("Nagel"), apparently for the purpose of manufacturing guitars in violation of 16 U.S.C. § 3372 (a)(2)(B). Further, when the ebony wood en route to Gibson entered into the United States, the

---

[1] The asterisk (*) reflects an unreadable number.

declaration relating to plant products required by the Lacey Act was not made as required by 16 U.S.C. § 3372(f).

**Relevant Statutes and Decrees**

7. Pursuant to 16 U.S.C. § 3372 (a)(2)(B)(the "Lacey Act") it is unlawful for any person to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any plant taken, possessed, transported or sold in violation of any foreign law that protects plants or regulates the theft or taking of plants, or that governs the export or transshipment of plants. Further, a declaration relating to plant products is required upon importation pursuant to 16 U.S.C. § 3372(f). I am familiar with 16 U.S.C. § 3372 (f) which makes it illegal to import a plant without making a declaration specifying the scientific name of any plant (including the genus and species of the plant) contained in the importation; a description of the value of the importation; and the quantity, including the unit of measure, of the plant; and the name of the country from which the plant was taken. Plants transported, possessed or sold in violation of the Lacey Act are subject to forfeiture pursuant to 16 U.S.C. § 3374.

8. Pursuant to 18 U.S.C. § 545 it is unlawful for anyone to knowingly import or bring into the United States any merchandise contrary to law, or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been brought into the United States contrary to law. The goods imported contrary to law into the United States are subject to forfeiture pursuant to 18 U.S.C. § 545.

9. Since at least April of 2000, the Republic of Madagascar has had various laws that restrict the harvest and export of ebony wood.

10. In 2006, Madagascar Interministerial Order 16.030/2006 was entered which requires

that all existing, legally harvested, stocks of ebony wood must be declared to the relevant office of the Madagascar Ministry of Environment, Water and Forests. Article 2 of the Interministerial Order 16.030/2006 provides that any ebony not declared under that Order is subject to seizure by Malagasy authorities.

11. These Madagascar regulations were in effect during the time frame in which Gibson received the Defendant Property.

**The Investigation**

12. On or about September 28, 2009, United States Customs and Border Protection (CBP) reported the import of a shipment of Madagascar ebony wood at the Port of Newark, New Jersey. Senior Special Agent (SSA) Ralph Owens of United States Immigration and Customs Enforcement (ICE) notified me of this importation and provided me a copy of the import declaration package filed with CBP in relation thereto. The import declaration package included invoices numbered 52146 and 52147 from the exporter, Nagel for customer Gibson in Nashville, Tennessee for 5,200 pieces of ebony, sawn sizes (Diospyrus spp., Madagascar) and 2,133 pieces of sawn Madagascar black ebony, sawn sizes, K/D. (Diospyros spp., Madagascar), for a total value of approximately $76,437.59. The shipment was exported by Nagel from Hamburg, Germany to its U.S.-based affiliate, Hunter Trading Corporation of Westport, Connecticut (Hunter); for the customer, Gibson of Nashville, Tennessee.

13. CBP notified Hunter Trading Corporation that the required U.S. Department of Agriculture (USDA) plant declaration had not been submitted upon import. On or about September 29, 2009, Stephan Taranko of Hunter Trading Corporation submitted the required United States Department of Agriculture ("USDA") plant declaration, PPQ Form 505. Taranko declared 1,664

cubic meters of Ebony, Sawn Sizes, and 700 cubic meters of Madagascar Black Ebony, declaring the species for both of these as "Diospyros spp." and the country of harvest for both as Madagascar.

**Supplier of Madagascar Ebony to Nagel Deals Almost Exclusively in Illegal Ebony**

14. I reviewed the bank records of The Bank of Africa and BFV – Societe' Generale, in Antalaha, Madagascar. These are the only two financial institutions known to finance the Madagascar timber trade from the SAVA Region of Madagascar. These records contained trade data on the financing of exports of Madagascar forest products from 2005 to 2009 from BFV – Societe' Generale, in Antalaha, Madagascar and revealed that BFV – Societe' Generale handled all financial transactions related to the export of timber from Madagascar to Nagel. These records further revealed that Roger Thunam ("Thunam") was the exclusive supplier of Madagascar timber exports to Nagel.

15. The bank records further documented Thunam exported to Nagel four (4) exports from Madagascar in 2005, five (5) such exports in 2006, four (4) more exports in 2007, and three (3) additional exports in 2009. Exports from Thunam to Nagel totaled $1,317,552.42, in recorded value.

16. Based on my review of bank records, interviews and information provided by reliable sources familiar with the timber industry in Madagascar who have provided reliable and verified information in the past to me, and the investigation, Thunam's business, known as Societe' Thunam Roger, dealt almost exclusively in sawn wood or logs which at least as of 2006 were illegal to export from Madagascar.

**Records Reveal Nagel Has Been the Exclusive Supplier of Madagascar Ebony to Gibson**

17. I reviewed United States Customs trade data maintained by CBP and discovered

Case 3:10-cv-00747   Document 3   Filed 08/09/10   Page 5 of 8 PageID #: 19

Gibson of Nashville, Tennessee, has used Nagel as their exclusive supplier of imported Madagascar ebony (Diospyros species) since approximately 2006 and continued to import Madagascar ebony from this supplier after the Lacey Act Amendments of 2008 came into effect on May 22, 2008. Further, I learned that Gene Nix of Gibson had been provided with a copy of Interministerial Order No. 16.030/2006 and further that he was advised that the harvest of Madagascar ebony wood was illegal and the export of Madagascar ebony and rosewood was prohibited.

**Madagascar Did Not Authorize the Exportation of the Defendant Property**

18. I have reviewed Madagascar governmental documents that appear to authorize Thunam to export, on or about March 27, 2009, from Madagascar, over 46,000 kilograms of "finished products" of ebony. Export Authorization Numbers 455, 458 and 461-09/MEFT/SG/DREFT SAVA.

19. I have not discovered, despite diligent efforts, any authorizations for exports of unfinished, semi-worked, or sawn ebony by Thunam from Madagascar since at least September 2006.

20. I examined Madagascar 2008 inventory records of existing stocks of Madagascar ebony maintained by the Madagascar Ministry of Environment, Water and Forests. I could find no such stock of Madagascar ebony wood recorded for Thunam.

**Contraband Ebony Found at Gibson and Red Arrow**

21. Federal search warrants issued in the Middle District of Tennessee Case No. 09-2133MK and 09-2134MK were executed by Special Agents of the FWS and ICE on November 17, 2009, at the business premises of Gibson located at 641 and 643 Massman Drive, Nashville, Tennessee and the business premises of Red Arrow Delivery Service, located at 1120 Visco Drive,

Nashville, Tennessee 37210. The Defendant Property was located at 641 Massman Drive, Nashville, Tennessee 37210.

22. The Defendant Property was identified as ebony wood by the employees of Gibson as well as by the physical characteristics of the wood, paper documentation, and a comparative exam with known samples of Madagascar ebony wood. Based on the investigation, my education and experience, the trade documentation and witness interviews, I believe that all of the items originated from Madagascar and were illegally exported from Madagascar and later imported into the United States after 2006.

23. Based on the aforementioned facts, I believe that the Defendant Property was exported from Madagascar, imported into the United States, transported, sold, received, acquired, or purchased in interstate commerce and was any plant taken, possessed, transported or sold in violation of foreign law that protects plants or regulates the theft or taking of plants, or that governs the export or transshipment of plants and is therefore subject to forfeiture under the Lacey Act, and as such, constitutes "contraband or other property that is illegal to possess," which precludes assertion of an innocent owner defense and is subject to forfeiture. Title 16, United States Code, Section 3374(a)(1); and Title 18, United States Code, Section 983(d)(4).

**Conclusion**

24. Based on the foregoing and my experience, I believe the Defendant Property is forfeitable to the United States pursuant to:

    (a)    16 U.S.C. § 3374(a)(1) because it was involved in a violation of 16 U.S.C. § 3372 (a)(2)(B) (the Lacey Act), *i.e.*, the import, export, transportation, sale, receipt, acquisition or purchase in interstate or foreign commerce of any plant

taken, possessed, transported or sold in violation of any regulation of State or foreign law that protects plants or that regulates the taking of plants, or that governs the export or transshipment of plants and because it was involved in a violation of 16 U.S.C. § 3372 (f) (the Lacey Act), *i.e.*, import a plant without making a declaration specifying the scientific name of any plant (including the genus and species of the plant) contained in the importation; a description of the value of the importation; and the quantity, including the unit of measure, of the plant; and the name of the country from which the plant was taken; and

(b) 18 U.S.C. § 545 because it was involved in a violation of 18 U.S.C. § 545, *i.e.*, the fraudulent or knowing importation into the United States of any merchandise contrary to law, or the receipt, concealment, purchase or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

25. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Kevin L. Seiler, Special Agent
U.S. Fish and Wildlife Service

Subscribed to and sworn before me this 4th day of August 2010.

Deborah T. Krause
Notary Public
My commission expires: MY COMMISSION EXPIRES: July 3, 2012