UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 3:10cv 00747 |
| ) | |
| EBONY WOOD IN VARIOUS FORMS ) | JUDGE HAYNES |
| ) | |
| Defendant. ) | |

PRELIMINARY RESPONSE IN OPPOSITION TO
CLAIMANT GIBSON GUITAR CORP.'S MOTION TO DISMISS

The United States preliminarily responds in opposition to *Claimant Gibson Guitar Corp.'s Motion to Dismiss.* Pursuant to the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rules G(6)(c) and G(8)(b)(i) the full response of the United States is deferred because Gibson Guitar Corp. ("Gibson") has not had time to answer Special Interrogatories served on it by the United States. (Exhibit 1: Letter).

> **Government's Response Deferred.** The government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered these [Special] interrogatories.

*Argument:*

*a. Standing must be decided prior to a motion to dismiss*

Gibson has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Supplemental Rule G(2)(f). Supplemental Rule G(8)(b)(i) provides that a "claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." The Special Interrogatories forwarded to Gibson on November 17, 2010 are designed to assist in the determination of standing through identifying the "claimant's identity and relationship

to the defendant property" and will bear an important role in whether the government will file a motion to strike a claim or answer for lack of standing. See Fed.R.Civ.P.Supp.R. G(8)(c)(i)(B) and Supplemental Rule G(6)(a). A motion to strike a claim or answer "must be decided before any motion by the claimant to dismiss the action." Fed.R.Civ.P.Supp.R. G(8)(c)(ii)(A).

Although Gibson acknowledged in its claim that the undersigned Assistant United States Attorney for the Middle District of Tennessee is the attorney of record in this case, Gibson provided "Department of Justice attorney Elinor Colbourn with documents supporting its claim." (D.E. 2: Claim, ¶ 3, 4). Therefore, at this juncture, Gibson has not provided support for its claim in the proper forum or to the proper attorney. Further, the government asserts that the Defendant Property is contraband, and ". . . no person may assert an ownership interest . . .in contraband or other property that is illegal to possess." 18 U.S.C. § 983(d)(4). Interrogatories are necessary to determine if Gibson lacks standing to properly assert a claim in this matter.

### b. *The Complaint is sufficient.*

In brief, and preliminarily as to the merits of the Motion to Dismiss, any motion challenging the sufficiency of a forfeiture complaint pursuant to Fed.R.Civ.P.12(b)(6), "failure to state a claim upon which relief can be granted" must be considered in light of 18 U.S.C. § 983(a)(3)(D) which provides that a forfeiture "complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." Instead, the issue is whether a forfeiture complaint states "sufficient facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial." Fed.R.Civ.P.Supp.R. G(8)(b)(ii) and G(2)(f). Claimant's Motion does not assert that the Verified Complaint fails to set forth sufficient facts to plead forfeitability; instead it challenges the truth of

Case 3:10-cv-00747   Document 13   Filed 11/18/10   Page 2 of 5 PageID #: 156

the facts asserted. For example, Claimant continually refers to the ebony wood in various forms as fingerboards and finished ebony products. (D.E. 8). Claimant notes that finished products are those which can no longer be modified. (D.E. 8, p.11). Sawn timber is not a finished product.(D.E. 3-1: Affidavit ¶ 4: D.E. 12-1, p.12). The only ebony received by Gibson was sawn lumber, which the government contends Gibson was in the process of manufacturing into fingerboards and guitars. (D.E. 3, ¶¶ 12 - 17). One of the listed items seized is specifically described as drying ebony.(D.E. 3-1, p.11). Common sense tells us that drying ebony is not a finished product. However, Claimant's disagreement regarding whether the sawn ebony received by Gibson was found in a final stage of Gibson's manufacturing process is not sufficient for an order of dismissal. The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990). All facts alleged in the complaint must be accepted as true. *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987).

The United States asserts that its Verified Complaint sets forth sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. On November 17, 2009, six (6) guitars made partially of ebony wood and ebony wood in various forms ("Defendant Property") were recovered from the business location of Gibson.(D.E.1: Complaint, ¶ 3). The Complaint alleges that the Defendant Property is imported and exported illegally in violation of Madagascar laws and laws of the United States from Madagascar to the United States, and is therefore is subject to forfeiture pursuant to the Lacey Act and pursuant to 18 U.S.C. §545. The affidavits of Kevin Seiler accompanying the Complaint explain that United States Customs trade data reveals that Gibson used a supplier named Nagel as their exclusive supplier of imported Madagascar ebony since 2006.(D.E. 3: Affidavit, ¶ 17). Nagel received his ebony exclusively from

a supplier name Thunam.(D.E. 3: Affidavit, ¶ 14.). A 2006 Madagascar regulation - Interministerial Order No. 16.030/2006 - provided that the harvest of Madagascar ebony wood was illegal and the export of it was prohibited.(D.E. 3: Affidavit, ¶ 17). While Thunam was authorized to import on March 27, 2009 certain "finished" products of ebony (D.E. 3: Affidavit, ¶ 18), there were no authorizations for the export of unfinished, semi-worked, or sawn ebony from Madagascar by Thunam since at least September 2006.(D.E. 3: Affidavit, ¶ 19). Gibson was aware that the importation of harvested ebony wood was illegal.(D.E. 3: Affidavit, ¶ 6). In addition to sawn Madagascar ebony exported by Nagel into the United States in 2009, in 2008, CBP records revealed that 5,124 pieces of sawn ebony wood entered the United States in 2008 and 8,868 pieces of sawn Madagascar ebony entered the United States in 2009 for delivery to Gibson.(D.E. 3: Affidavit, ¶ 4; D.E. 12-1: affidavit to search warrant, ¶ 19). Gibson understood that Thunam could not legally export any of his wood supply to Nagel.(D.E. 3: Affidavit, ¶ 4; D.E 12-1: affidavit to search warrant, ¶ 21). The Complaint is sufficient.

## *Conclusion:*

It is the government's position that the motion to dismiss is not only without merit it is premature because Gibson's standing to enter this lawsuit must be determined before the motion is considered by the Court. Once the Special Interrogatories are answered, and if standing is established, the United States will respond in more detail to the allegation that the Complaint fails to state a claim. As such, the undersigned respectfully requests that the response of the United States be deferred until twenty-one days after Gibson has responded to the Special Interrogatories.

Respectfully submitted,

JERRY E. MARTIN (BPR# 20193)
United States Attorney for the
Middle District of Tennessee


By:   s/ Debra Teufel Phillips
Debra Teufel Phillips (BPR# 011706)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was mailed by regular U.S. Mail to:

**Steven Allen Riley**
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203


**Timothy G. Harvey**
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203


**W. Russell Taber , III**
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203


**Hans Rudolf Schuler**
Am Hunengrab 1
21521 Aumuhle, Germany