UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 3:10cv00747 |
| v. ) | |
| ) | JUDGE HAYNES |
| ) | |
| EBONY WOOD IN VARIOUS FORMS, ) | |
| ) | |
| Defendant. ) | |

**REQUEST TO DEEM SPECIAL INTERROGATORIES
TIMELY SERVED *NUNC PRO TUNC***

Upon review of Claimant Gibson Guitar Corp.'s ("Gibson") Reply in Further Support of Motion to Dismiss (D.E. 14), the United States has realized that pursuant to the Supplemental Rules for Admiralty or Maritime Clams and Asset Forfeiture Actions, Federal Rules of Civil Procedure G(6)(a), the Special Interrogatories the United States served in the above-styled case (hereinafter "Civil Forfeiture Action") were inadvertently served twelve (12) days late.

Rule G(6)(a) provides for the service of special interrogatories "at any time after the claim is filed and before discovery is closed. But if the claimant serves a motion to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served."

The United States moves the court to deem the Special Interrogatories timely served on Gibson *nunc pro tunc.*

Gibson has objected to the Interrogatories as (1) untimely, (2) outside the scope of Rule G(6)(a) - which limits the interrogatories to the claimant's identity and relationship to the defendant

property, and (3) calculated to harass, not relevant or reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, vague and ambiguous, (4) previously produced to another agency in the government, and (5) a general objection to privileged documents. (Exhibit 1: Response).

In support thereof, the late service was due to a misreading of the applicable Rule and subsequent mistaken reliance on a Joint Agreement to extend time to respond to the Motion to Dismiss. The service of the Special Interrogatories was not designed to delay this matter, or to harass Claimant. The Special Interrogatories are limited in nature to the Claimant's identity and relationship to the defendant property, addressing the heart of the issue of standing, particularly (a) whether Gibson has Statutory standing and Article III standing to assert a claim in this matter and (b) whether the is property contraband thus precluding standing by any claimant.

A memorandum of facts and law is filed in support of this motion.

JERRY E. MARTIN
United States Attorney

s/ Debra Teufel Phillips
Debra Teufel Phillips
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151
Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 27th day of December, 2010, a copy of the foregoing Plaintiff's Request to Deem Special Interrogatories Timely Served was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice will be mailed by certified U.S. Mail to: was mailed by certified U.S. mail to:

Timothy G. Harvey, Esq.
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37202

Steven Allen Riley, Esq.
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37202

W. Russell Taber, III
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37023

                s/ Debra Teufel Phillips
                Debra Teufel Phillips