# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:10-cv-00747 |
| ) | |
| EBONY WOOD IN VARIOUS FORMS, ) | Judge William J. Haynes |
| ) | |
| Defendant. ) | |

## CLAIMANT GIBSON GUITAR CORP.'S NOTICE THAT ITS MOTION TO DISMISS IS FULLY BRIEFED AND READY FOR DECISION

Claimant, Gibson Guitar Corp. ("Gibson"), respectfully files this notice that its Motion to Dismiss (Docket Entry 7) is now fully briefed and ready for decision.

The statutory time period for the Government to supplement its previously-filed response has run and, accordingly, Gibson asks that the grant Gibson's Motion to Dismiss. More specifically:

(1) Gibson filed its Motion to Dismiss on October 14, 2010. (Docket Entry 7.)

(2) Pursuant to Supplemental Rule G(6), the Government had 21 days to respond or to serve written discovery on the issue of standing. Gibson agreed that the Government would delay its response until November 18, 2010. (Docket Entry 10.)

(3) On November 18, 2010, the Government responded to Gibson's 12(b)(6) Motion but noted that it was going to serve discovery on the issue of standing and wished to supplement its response if it believed that standing was an issue after it received Gibson's discovery responses. (Docket Entry 13.) Consistent with Supplemental Rule

1

G(6)(c), the Government stated that it would file any supplemental response "twenty-one days after Gibson has responded to the Special Interrogatories." (Docket Entry 13, page 4.)

(4) Gibson filed a reply to the Government's 12(b)(6) argument on December 14, 2010. (Docket Entry 17.)

(5) The Government failed to meet the statutory deadline for serving discovery on the issue of standing but requested and received permission to serve such discovery after the deadline. (Docket Entry 18.)

(6) Gibson served its responses to the written discovery on January 24, 2010, by hand delivery on counsel for the Government. (See Exhibit A, page 19.) The responses delivered to the Government included documents such as purchase orders, invoices, and proofs of payment. Pursuant to Supplemental Rule G(6)(c), the Government had 21 days, or until February 14, 2010, to file a further response on the issue of standing if it chose to do so.

(7) Apparently satisfied that no basis exists for challenging Gibson's standing to precede in this matter, the Government did not file and serve a supplemental response on or before the due date.

Accordingly, Gibson's Motion to Dismiss is now ripe for adjudication--the Government has responded, Gibson has replied, and the deadline for further briefing under Supplemental Rule G(6)(c) has expired. Gibson respectfully requests that the Court grant Gibson's Motion to Dismiss, order the return of Gibson's property, and award Gibson its costs and fees pursuant to 28 U.S.C. § 2465(b).

Respectfully submitted,

s/ Tim Harvey
Steven A. Riley (BPR # 6258)
Tim Harvey (BPR # 021509)
W. Russell Taber, III (BPR # 24741)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37202
(615) 320-3700 – telephone
(615) 320- 3737 – facsimile
sriley@rwjplc.com
tharvey@rwjplc.com
rtaber@rwjplc.com

*Attorneys for Gibson Guitar Corp.*

## CERTIFICATE OF SERVICE

I certify that, on February 16, 2011, a true and correct copy of the foregoing has been served upon the following Filing Users through the Court's Electronic Filing System:

Jerry E. Martin
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
jerry.martin2@usdoj.gov

Debra Teufel Phillips
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
deb.phillips@usdoj.gov

*Attorneys for the United States of America*


Alexander Fardon
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
daf@h3gm.com

*Attorney for Theodor Nagel GMBH & Co KG*


                                                          s/ Tim Harvey