IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 3:10cv00747 |
| ) | |
| EBONY WOOD IN VARIOUS FORMS ) | JUDGE HAYNES |
| ) | |
| Defendant. ) | |

## MOTION TO STRIKE CLAIMS FOR
## LACK OF STANDING AFTER A HEARING

COMES NOW the United States of America, by and through Jerry E. Martin, United States Attorney for the Middle District of Tennessee, and Debra Teufel Phillips, Assistant United States Attorney, and respectfully moves pursuant to Rule G(8)(c)(B) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to strike the claims of Gibson Guitar Corp. ("Gibson") and Theodor Nagel GMBH & Co KG ("Nagel") for lack of prudential standing because the seized Madagascar ebony wood ("Defendant Property") is contraband or other property illegal to possess– both because it was unfinished wood and because Claimants' source for ebony in Madagascar was not authorized to sell it. *See* 16 U.S.C. § 3374; 18 U.S.C. § 545; 18 U.S.C. §§ 983(d)(4), 983(a)(1)(F).

Ebony is a slow growing, dense hardwood with a fine wood grain. Supplies of ebony are limited, due in part to its slow growth and consequent lack of plantations of ebony, while demand is high due to its particular qualities, especially for musical instruments such as guitars. Because ebony has not grown as quickly as it has been harvested, ebony has become increasingly rare. Some of the most highly prized ebony is found in the rainforests of Madagascar. One of the reasons that Madagascar ebony wood is banned from exportation and commercialization is because Madagascar is a poor country with serious deforestation concerns due in large part to illegal logging.

Gibson sourced its unfinished ebony wood in the form of blanks (for use in the manufacture of fingerboards for Gibson guitars) from Nagel (in Germany), which obtained it exclusively from Roger Thunam (a supplier in Madagascar). Madagascar prohibits the harvest of ebony wood as well as the exportation of unfinished ebony wood. Blanks such as the Defendant Property are an unfinished product; they are blocks of wood processed to specific dimensions that can then be cut by the guitar manufacturer into fingerboards and other instrument parts.

Gibson well knows that blanks are not finished products. Gibson received a Ruling from the U.S. Customs Service ("USCS") in 1990 that makes it clear that wood that must be cut and reshaped for use, as the blanks intended for transformation into fingerboards must, undergoes a "substantial transformation." Cust.B&Dec. HQ 733299. Malagasy law requires that an object be "no longer capable of being modified" in order to be a finished product prior to exportation; clearly when an item undergoes a "substantial transformation" after exportation it was capable of being modified prior to exportation.

As further evidence that it was unfinished wood, when Nagel imported the Madagascar ebony wood into the United States, it was declared under the Harmonized Tariff Schedule of the United States ("HTC") under tariff code number 4407.99.0193 ("4407 Series"). The 4407 Series applies to rough sawn wood which is imported duty free. If the Madagscar ebony had been a finished product, Claimants would have declared it as a fingerboard in the HTC 9200 Series, as part of a musical instrument, and would have been required to pay the appropriate tariff.

Additionally, all of Thunam's Madagascar ebony wood – Nagel's source for ebony – had been seized in place by the Malagasy government.[1] A Madagascar Order also named Thierry Body (not Thunam) as the only person allowed to ship ebony in the raw unfinished state from Madagascar. Therefore, the Defendant Property is contraband.

Further evidence that the Defendant Property is contraband is the fact that, as early as 2007, Gibson was aware that "[t]here are no certified sources of ebony at present."[2] Even so, Gibson desired to obtain Madagascar ebony wood. Gibson employee and wood specialist Gene Nix wrote that "[t]he true Ebony species preferred by Gibson Musical Instruments is found only in Madagascar (Diospryos perrieri). This is a slow-growing tree species with very little conservation protection and supplies are considered to be highly threatened in its native environment due to over exploitation." In fact, Nix "spent two and a half weeks in Madagascar this June [2008]," writing on his return, "I represented our company along with two other guitar manufacturers.... *All legal timber and wood*

---

[1] Gibson knew that Thunam's stock of ebony wood had been seized in place: "The short version is that in the Antalaha region where we visited, there was a considerable stockpile of wood, including with Mr. Thunam, that had been provisionally seized pending investigations to determine its legality. You saw some of this wood yourselves."

[2] Citations to all quoted materials are provided in the accompanying memorandum of points and authorities.

Page 3 of 5

Case 3:10-cv-00747   Document 30   Filed 06/04/11   Page 3 of 5 PageID #: 314

*exports are prohibited* because of wide spread corruption and theft of valuable woods like rosewood and ebony." (Emphasis added.)

On February 25, 2009, in a reference to the potential *long term* solution, Nix wrote to fellow Gibson employee Dave Berryman that the company Maderas Barber "has been in the business a long time and may be able to help begin some legitimate harvests. Mr. [Roger] Thunam on the other hand should now be able to supply Nagel with all the rosewood and ebony for the *grey market*." (Emphasis added.)

Thus, when Gibson received Thunam's Madagascar ebony shipment in October 2009, it received unsawn Madagascar ebony wood that had been seized in place in Madagascar and was imported under the unsawn wood Tariff Code. When the Madagascar ebony wood was seized at the Gibson manufacturing facility, some of it was still in the raw form, and some was in the process of being substantially transformed into the intended final product – finished guitar fingerboards – by Gibson employees. The shipped unfinished ebony is contraband pursuant to Madagasy law, the Lacey Act, and 18 U.S.C. § 545. Therefore, neither Nagel or Gibson have prudential standing to contest the forfeiture of the contraband Defendant Property and their claims should be stricken.

Additionally, Nagel's claim must be dismissed as its claim is only as to items seized from a location other than Gibson's manufacturing facility from which the Defendant Property was seized, and as such are not within the realm of this lawsuit.

The United States relies on this motion, the accompanying memorandum of points and authorities, the Affidavit of Special Agent Kevin Seiler and additional evidentiary materials filed herewith, along with such other and further evidence as the Court will hear.

Page 4 of 5

Case 3:10-cv-00747   Document 30   Filed 06/04/11   Page 4 of 5 PageID #: 315

Respectfully submitted,
JERRY E. MARTIN
United States Attorney for the
Middle District of Tennessee

By: /s Debra Teufel Phillips
Debra Teufel Phillips (BPR 011706)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was mailed by regular U.S. Mail to:

| | |
|---|---|
| Steven Allen Riley<br>Timothy G. Harvey<br>W. Russell Tabor, III<br>Riley, Warnock & Jacobson<br>1906 West End Avenue<br>Nashville, TN 37203 | David Alexander Fardon<br>Harwell, Howard, Hyne, Gabbert & Manner, P.C.<br>315 Deaderick Street<br>Suite 1800<br>Nashville, TN 37238 |

s/ Debra Teufel Phillips
Debra Teufel Phillips