UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:10-cv-00747 |
| ) | |
| EBONY WOOD IN VARIOUS FORMS, ) | Judge William J. Haynes |
| ) | |
| Defendant. ) | |

**CLAIMANT GIBSON GUITAR CORP.'S REPLY
TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO GIBSON'S MOTION TO
DISMISS**

Claimant, Gibson Guitar Corp. ("Gibson"), respectfully replies to the United States of America's (the "Government") supplemental response (Docket Entry No. 34) to Gibson's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and Supplemental Rule G(2)(f).

Gibson incorporates by reference its Response to the Government's motion to strike Gibson's claim for lack of standing (Docket Entry 40), which addresses in depth many of the arguments in the Government's supplemental response to Gibson's motion to dismiss.

In addition, Gibson notes that when a court is presented with a Rule 12(b)(6) motion, it may consider public records relevant to the claims set forth in the complaint. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008); Stanley v. City of Norton, 124 Fed. Appx. 305, 309 (6th Cir. 2005). Gibson has filed copies of Madagascar public records related to the wood at issue and translations of those public records. (See Docket Entries 40-1 through 40-20.) Gibson's response to the U.S. Government's motion to strike sets forth a full explanation of these documents at pages 6-11. (Docket Entry 40.) As explained therein, these documents

establish that the Madagascar Government inspected the wood at issue, determined that the wood at issue is "finished" within the meaning of Madagascar law, and allowed the wood at issue to be exported. Because the wood was legal under Madagascar law, there can be no violation of the U.S. Lacey Act as a matter of law.

The U.S. Government cannot second-guess the decision of a sovereign foreign government concerning the legality of exporting its own natural resources. See World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1164-1165 (D.C. Cir. 2001) (refusing to second-guess the export decision of a foreign sovereign with regard to its own natural resources and noting that U.S. courts may not inquire "into the validity of the public acts a recognized foreign sovereign power committed within its own territory"); Bokkelen v. Gruman Aerospace Corp., 432 F.Supp. 329 (E.D. N.Y. 1977) (same); MOL, Inc. v. Peoples Republic of Bangladesh, 572 F. Supp. 2d 79 (N.D. Ill. 2003) (refusing to second guess foreign sovereign's regulation of its own wildlife). As the World Wide Minerals court noted, "the right to regulate imports and exports is a sovereign prerogative." 296 F.3d at 1154. Second-guessing such decisions disrupts international comity and interferes with the conduct of foreign relations. Id.

Further, Gibson notes that the Government's argument about the Lacey Act Declarations is wrong. First, as explained in Gibson's memorandum in support of motion to dismiss (Docket Entry No. 8, pages 13-16), the appropriate Lacey Act declaration was submitted and U.S. customs released the goods after receiving the declaration. Second, assuming that the Government is correct that the wood is classified under heading 4407 of the Tariff Schedule, the phase-in date for those goods lasted until September 30, 2009, and the Government's official position is that "[f]ailure to submit a declaration will not be prosecuted, and customs clearance will not be denied for lack of a declaration until after the [applicable] phase-in date . . . ." See id.

Based upon the Government affidavits incorporated by the complaint, the shipment passed through U.S. Customs before the phase-in date expired. See id.

Accordingly, Gibson requests an order dismissing this matter, ordering the return of Gibson's property, and awarding Gibson its costs and fees under 28 U.S.C. 2465(b).

Respectfully submitted,

s/ Tim Harvey
Steven A. Riley (BPR # 6258)
Tim Harvey (BPR # 021509)
W. Russell Taber, III (BPR # 24741)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37202
(615) 320-3700 – telephone
(615) 320- 3737 – facsimile
sriley@rwjplc.com
tharvey@rwjplc.com
rtaber@rwjplc.com

*Attorneys for Gibson Guitar Corp.*

## CERTIFICATE OF SERVICE

I certify that, on July 15. 2011, a true and correct copy of the foregoing has been served upon the following Filing Users through the Court's Electronic Filing System:

Jerry E. Martin
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
jerry.martin2@usdoj.gov

Debra Teufel Phillips
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
deb.phillips@usdoj.gov

*Attorneys for the United States of America*


Alexander Fardon
Harwell, Howard, Hyne, Gabbert, and Manner
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
daf@h3gm.com

*Attorney for Theodor Nagel GMBH & Co KG*

            s/ Tim Harvey