UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL NO. 3:10cv 00747 |
| | ) | |
| EBONY WOOD IN VARIOUS FORMS | ) | JUDGE HAYNES |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

Plaintiff, United States of America, submits this Memorandum in support its request to stay to stay these proceedings as to Gibson Guitar pending the United States' investigation and consideration of whether to bring criminal charges under the federal Lacey Act Amendments of 1981 ("Lacey Act" or "Act"), 16 U.S.C. §§ 3371-78. Theodor Nagel GMBH & Co KG ("Nagel")has not responded to the Motion to Strike Claims for Lack of Standing after a Hearing, and therefore his Claim and Answer should be dismissed.

This civil forfeiture proceeding involves ebony wood imported from Madagascar by the Gibson Guitar Corp. ("Gibson") and its agents. The wood is subject to forfeiture pursuant to 16 U.S.C. § 3374 because it constitutes property imported, exported, transported, sold, received, acquired, or purchased in violation of the Lacey Act, 16 U.S.C. § 3372(a)(2)(B)(I) and 16 U.S.C. § 3372(a)(2)(B)(iii). The property is also subject to forfeiture pursuant to 18 U.S.C. § 545, which prohibits the smuggling of goods into the United States. The relevant facts pertaining to the existence of a related criminal investigation and a related criminal case have been set forth in the accompanying Affidavit in Support, filed under seal.

# BACKGROUND

## I. Statutory Background

Under 16 U.S.C. § 3374 of the Lacey Act, plants are subject to forfeiture if taken possessed, transported, or sold in violation of any law or regulation of any State, or any foreign law, 16 U.S.C. § 3372(a)(2)(B)(I), or in violation of any limitation under any law or regulation of any State, or under any foreign law, governing the export or transshipment of plants, 18 U.S.C. § 3372(a)(2)(B)(I). Also subject to forfeiture is any merchandise imported or brought into the United States, contrary to law, or, merchandise received, concealed bought, sold, or which has been transported, concealed or sold after importation, knowing the same to have been imported or brought into the United States contrary to law. 18 U.S.C. § 545. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in property subject to forfeiture at the time of the acts giving rise to the forfeiture.

In addition to seeking forfeiture, the United States is authorized under 16 U.S.C. § 3373(d) of the Lacey Act to seek criminal fines and imprisonment for knowing violations of the Lacey Act's requirements for importation, possession, and sale of plants and wildlife. Moreover, the government is authorized to seek criminal fines and imprisonment for certain knowing, willful or fraudulent violations of the prohibition on smuggling goods into the United States. 18 U.S.C. § 545.

## II. Procedural Background

On August 9, 2010, the United States filed its Complaint in this case *in Rem* against the Defendant Property, Ebony Wood in Various Forms. (D.E. 1: Complaint). The Defendant Property was seized from Gibson on November 17, 2009. (D.E. 3: Affidavit, ¶ 5, 21). The United States alleges that the property is subject to forfeiture pursuant to 16 U.S.C. § 3372 and 18 U.S.C. § 545, because the Madagascar ebony was imported into the United States by agents of Gibson in 2009

despite Gibson's prior receipt of "information relating to the Madagascar law on the illegality of the exportation and importation of harvest ebony wood" and "the prohibition on its export." (D.E. 3: Affidavit, ¶ 6). Further, the proper declaration relating to plant products required by 16 U.S.C. § 3372(f) of the Lacey Act was not made. *Id.*

On September 23, 2010, Gibson submitted a Verified Claim contesting the forfeiture. (D.E. 4: Claim). On October 14, 2010, Gibson moved to dismiss with prejudice the Verified Complaint *in Rem*, and the United States served Gibson with Special Interrogatories on November 16, 2010 and filed a preliminary response to the motion to dismiss on November 18. (D.E. 7: Motion)(D.E. 13: Preliminary Response). Gibson submitted its First Set of Interrogatories and Request for Production to the United States on June 24, 2011.(Attached as Exhibit 1).

## **STANDARD**

18 U.S.C. § 981(g)(1) of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) states that: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." A court deciding whether a criminal case is "related" to a civil forfeiture proceeding may consider "the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). The government may move to obtain a stay before filing an information or indictment in the criminal case. *United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars and Seventy Two Cents ($463,497.72) in U.S. Currency*, 604 F. Supp. 2d. 978, 982 (E.D. Mich. 2009).

"[T]he government must make an actual showing regarding the anticipated adverse affect that civil discovery will have on the criminal investigation." *Id.* (quoting *United States v. GAF Financial Servs., Inc.*, 335 F. Supp. 2d 1371, 1373). The government may present its evidence ex parte so as not to compromise the criminal investigation. 18 U.S.C. § 981(g)(5). District courts in the 6th Circuit have found that an adequate showing may demonstrate that "[c]ivil discovery would compromise prospective witnesses and other evidence . . . being collected by the Government in preparation for criminal prosecutions in connection with the underlying facts of [the] case." *United States v. Eleven thousand One Hundred Thirty Nine Dollars and Ninety One Cents in U.S. Currency ($11,139.91) From Comerica Bank Account # XXXX-XXXXXX3967, et al.*, 2009 WL 541068, at *2 (E.D. Mich. March 4, 2009); *see also United States v. Currency $716,502.44*, 2008 WL 5158291, at *5 (E.D. Mich. Dec. 5, 2008) (same).

## DISCUSSION

Under CAFRA, a civil forfeiture proceeding must be stayed if the Court determines that "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). For the reasons set forth in the Affidavit in Support, the government contends that civil discovery will compromise and prejudice the related criminal investigation and prosecution.

The government has submitted evidence in support of this Motion, ex parte and in camera, as provided under 18 U.S.C. §§ 981(g)(5), by providing the accompanying Affidavit, and is prepared to furnish additional evidence if asked by the Court to do so.

Page 4 of 6

Case 3:10-cv-00747   Document 45   Filed 07/25/11   Page 4 of 6 PageID #: 819

Respectfully submitted,
JERRY E. MARTIN
United States Attorney for the
Middle District of Tennessee


By:    s/Debra Teufel Phillips
DEBRA TEUFEL PHILLIPS (BPR 011706)
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615 736-5151


**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July 2011 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was mailed by regular U.S. Mail to:

| | |
|---|---|
| **Steven Allen Riley**<br>Riley, Warnock & Jacobson<br>1906 West End Avenue<br>Nashville, TN 37203<br><br><br>**Timothy G. Harvey**<br>Riley, Warnock & Jacobson<br>1906 West End Avenue<br>Nashville, TN 37203<br><br><br>**W. Russell Taber , III**<br>Riley, Warnock & Jacobson<br>1906 West End Avenue<br>Nashville, TN 37203 | **David Alexander Fardon**<br>Harwell, Howard, Hyne, Gabbert & Manner, P.C.<br>315 Deaderick Street<br>Suite 1800<br>Nashville, TN 37238<br><br>**Hans Rudolf Schuler**<br>Am Hunengrab 1<br>21521 Aumuhle, Germany |

   s/Debra Teufel Phillips