UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:10-cv-00747 |
| ) | |
| EBONY WOOD IN VARIOUS FORMS, ) | Judge William J. Haynes |
| ) | |
| Defendant. ) | |

## CLAIMANT GIBSON GUITAR CORP.'S MOTION TO RECONSIDER
## AND TO REOPEN CASE

Pursuant to Local Rule 7.01(b), Claimant, Gibson Guitar Corp. ("Gibson"), respectfully seeks reconsideration of the Court's order entered September 28, 2011 (Doc. 67) (the "Order"), denying the pending motions in this matter and administratively closing this case.

Gibson notes that the Order references a stay, but no order has entered actually granting a stay or otherwise explaining the basis for the stay. Gibson submits that the matter—which the parties have litigated for more than one year—should not be stayed, that no further discovery is necessary, and that Gibson's request for dismissal can be decided based purely upon the law.

Gibson filed with the Court certified documents from Madagascar Government officials demonstrating that the Madagascar Government determined the wood at issue was legal to export under its laws. (See Doc. 40 and 40-1 to 40-21.) As a matter of law, the U.S. Government may not supplant the Madagascar Government's determination. The U.S. Government's only response is that the United States does not recognize the Madagascar Government and considers its actions invalid (apparently ignoring the irony that this entire case is about enforcing the Madagascar Government's laws and if there is no recognizable Madagascar law then there can

1

be no predicate violation that triggers the Lacey Act). The U.S. Government's argument is misplaced and fails as a matter of law. The U.S. Department of State's official publications state that U.S. companies may trade with Madagascar and openly recognize the authority of Madagascar's Ministry of Environment and Forestry. That is the Madagascar agency that approved the export of the wood at issue.

In support of this Motion, Gibson is filing a Memorandum of law and the exhibits thereto.

> Respectfully submitted,
>
> s/ Tim Harvey
> Steven A. Riley (BPR # 6258)
> Tim Harvey (BPR # 021509)
> W. Russell Taber, III (BPR # 24741)
> Riley Warnock & Jacobson, PLC
> 1906 West End Avenue
> Nashville, TN 37202
> (615) 320-3700 – telephone
> (615) 320- 3737 – facsimile
> sriley@rwjplc.com
> tharvey@rwjplc.com
> rtaber@rwjplc.com
>
> *Attorneys for Gibson Guitar Corp.*

## CERTIFICATE OF SERVICE

I certify that, on October 7, 2011, a true and correct copy of the foregoing has been served upon the following Filing Users through the Court's Electronic Filing System:

Jerry E. Martin
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
jerry.martin2@usdoj.gov

Debra Teufel Phillips
United States Attorney for the
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
deb.phillips@usdoj.gov

*Attorneys for the United States of America*

Alexander Fardon
Harwell, Howard, Hyne, Gabbert, and Manner
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
daf@h3gm.com

*Attorney for Theodor Nagel GMBH & Co KG*

          s/ Tim Harvey