UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:10-cv-00747 |
| ) | |
| EBONY WOOD IN VARIOUS FORMS, ) | Judge William J. Haynes |
| ) | |
| Defendant. ) | |

*[Handwritten note from Judge: "Denied, as reflected by the settling of oral argument, these motions are GRANTED, but the Order is not a decision on the Court's concern. Order at issue will be met. 5-15-12"]*

## CLAIMANT GIBSON GUITAR CORP.'S MOTION TO RECONSIDER AND TO REOPEN CASE

Pursuant to Local Rule 7.01(b), Claimant, Gibson Guitar Corp. ("Gibson"), respectfully seeks reconsideration of the Court's order entered September 28, 2011 (Doc. 67) (the "Order"), denying the pending motions in this matter and administratively closing this case.

Gibson notes that the Order references a stay, but no order has entered actually granting a stay or otherwise explaining the basis for the stay. Gibson submits that the matter—which the parties have litigated for more than one year—should not be stayed, that no further discovery is necessary, and that Gibson's request for dismissal can be decided based purely upon the law.

Gibson filed with the Court certified documents from Madagascar Government officials demonstrating that the Madagascar Government determined the wood at issue was legal to export under its laws. (See Doc. 40 and 40-1 to 40-21.) As a matter of law, the U.S. Government may not supplant the Madagascar Government's determination. The U.S. Government's only response is that the United States does not recognize the Madagascar Government and considers its actions invalid (apparently ignoring the irony that this entire case is about enforcing the Madagascar Government's laws and if there is no recognizable Madagascar law then there can

1

Case 3:10-cv-00747 Document 69 Filed 10/07/11 Page 1 of 3 PageID #: 1099
Case 3:10-cv-00747 Document 86 Filed 05/15/12 Page 1 of 1 PageID #: 1172